THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY NICHOLAS, Appellant. [844 NYS2d 395]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 27, 2006, convicting him of scheme to defraud in the first degree and grand larceny in the third degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree (*see* Penal Law § 20.00; *People v Carr-El*, 287 AD2d 731, 733 [2001], *affd* 99 NY2d 546 [2002]; *People v Perez*, 16 AD3d 191 [2005]) and scheme to defraud in the first degree (*see People v First Meridian Planning Corp.*, 86 NY2d 608, 618 [1995]; *People v Houghtaling*, 14 AD3d 879, 881 [2005]; *People v Bastian*, 294 AD2d 882, 883 [2002]; CPL 190.65 [1] [b]) beyond a reasonable doubt. Further, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the

verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

Additionally, defense counsel provided meaningful representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Benevento*, 91 NY2d 708 [1998]; *see also People v Moreno*, 70 NY2d 403, 406 [1987]; *People v Cheswick*, 166 AD2d 88, 92 [1991], *affd* 78 NY2d 1119 [1991]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). We note that the defendant erroneously asserts that the terms of imprisonment imposed on his larceny convictions were ordered to run consecutively with the term of imprisonment imposed on his conviction of scheme to defraud. In fact, the terms of imprisonment were properly ordered to run concurrently. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.