■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB DORIS, Appellant. [881 NYS2d 674]—Cardona, P.J. Appeal from a judgment of the County Court of Ulster County (McDonough, J.), rendered April 7, 2008, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and burglary in the third degree.

Defendant waived indictment and consented to prosecution by two superior court informations which charged him with burglary in the second degree and burglary in the third degree. He pleaded guilty to those charges, signed a waiver of his right to appeal and was sentenced, pursuant to the negotiated plea agreement, as a second felony offender to concurrent prison terms of seven years for burglary in the second degree and 3 to 6 years for burglary in the third degree followed by five years of

postrelease supervision. At sentencing, the issue of restitution was raised for the first time and, following a discussion, County Court ordered that defendant pay restitution in the amount of $465. Defendant now appeals, asserting that since the plea agreement did not mention restitution, he should have been afforded the opportunity to withdraw his plea or accept the enhanced sentence.*

We note, initially, that consideration of the post-plea restitution order is not precluded by defendant's waiver of appeal and, therefore, the issue is properly before us (*see People v Nichols*, 276 AD2d 832, 832 [2000]). Nevertheless, inasmuch as a review of the record reveals that defendant willingly accepted the enhanced sentence, we affirm. Indeed, defense counsel initiated the discussion about restitution, stated that defendant understood restitution would become part of his sentence and expressly informed County Court that defendant was not requesting a hearing on the issue. Defendant, furthermore, personally articulated such understanding and, in his own prepared statement prior to sentencing, reiterated his commitment to pleading guilty. Consequently, defendant has no basis on which to now complain (*see People v Esquivel*, 261 AD2d 649, 649 [1999]).

Rose, Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant similarly challenged County Court's imposition of mandatory surcharges, a DNA fee and crime victim assistance fees, but rescinded such contentions following the Court of Appeals' recent holdings in *People v Guerrero* (12 NY3d 45, 46-50 [2009]) and *People v Hoti* (12 NY3d 742, 743 [2009]).