■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON LAWSON, Appellant. [885 NYS2d 621]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Ruskin, J.), rendered November 16, 2007, convicting him of grand larceny in the second degree, grand larceny in the third degree, and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the second degree (*see* Penal Law § 155.40 [1]), grand larceny in the third degree (*see* Penal Law § 155.35), and scheme to defraud in the first degree (*see* Penal Law § 190.65 [1] [b]; *People v First Meridian Planning Corp.,* 86 NY2d 608, 618 [1995]; *People v Nicholas,* 44 AD3d 1075 [2007]; *People v Houghtaling,* 14 AD3d 879, 881 [2005]; *People v Bastian,* 294 AD2d 882, 883 [2002]) beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the disqualification of his original attorney did not deprive him of the right to the counsel of his choice (*see People v Kirkorov,* 57 AD3d 568 [2008]). The County Court properly concluded that continued representation of the defendant by this attorney would create an actual conflict of interest, as well as a violation of the "advocate-witness" rule (*People v Paperno,* 54 NY2d 294, 299-300 [1981]; *see People v Gordon,* 272 AD2d 133 [2000]; *People v Limongelli,* 156 AD2d 473, 474 [1989]).

The defendant's contention that the court improperly imposed restitution without conducting a hearing is unpreserved for appellate review, since the defendant failed to request a hearing or otherwise challenge the amount of restitution imposed at sentencing (*see* Penal Law § 60.27 [2]; *People v Horne,* 97 NY2d 404, 414 n 3 [2002]; *People v Toomer,* 61 AD3d 899 [2009]; *People v Passalacqua,* 43 AD3d 964 [2007]; *People v Allen,* 305 AD2d 421 [2003]). In any event, the contention is without merit

because there was sufficient support in the record for the court's determination of the amount of restitution (*see People v Charles*, 309 AD2d 873, 874 [2003]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.