■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRENE DiGENARO, Appellant. [888 NYS2d 909]

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]; People v Lawson, 65 AD3d 1380 [2009]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Ramirez, 65 AD3d 1168 [2009]).

The sentence imposed was not excessive (see CPL 470.15 [2] [c]; [6] [b]; CPL 470.20 [6]; People v Thompson, 60 NY2d 513, 519 [1983]; People v Taylor, 65 AD3d 1169 [2009]; People v Suitte, 90 AD2d 80 [1982]).

There is no merit to the defendant's remaining contention, raised in point two of her brief, alleging that certain evidence was improperly admitted at trial. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.