THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NYKIYA HARRIS, Appellant. [900 NYS2d 137]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered December 30, 2008, convicting her of arson in the second degree, arson in the third degree, arson in the fourth degree, burglary in the second degree, burglary in the third degree, and criminal mischief in

the fourth degree, upon a jury verdict, and driving with a suspended license, upon her plea of guilty, and sentencing her to a determinate term of imprisonment of five years on the conviction of arson in the second degree, followed by a period of three years of postrelease supervision, a determinate term of imprisonment of 3½ years on the conviction of arson in the third degree, followed by a period of two years of postrelease supervision, a definite term of imprisonment of one year on the conviction of arson in the fourth degree, followed by a period of two years of postrelease supervision, a determinate term of imprisonment of 3½ years on the conviction of burglary in the second degree, followed by a period of two years of postrelease supervision, a definite term of imprisonment of one year on the conviction of burglary in the third degree, followed by a period of two years of postrelease supervision, and a definite term of imprisonment of one year on the conviction of criminal mischief in the fourth degree, all to run concurrently with each other, and time served on the conviction of driving with a suspended license, and directing her to make restitution and to file two confessions of judgment with the Clerk of the Supreme Court, Nassau County, as a component of restitution.

Ordered that the judgment is modified, on the law, (1) by vacating the convictions of arson in the second degree and arson in the fourth degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, (2) by vacating the sentences imposed on the convictions of arson in the third degree and burglary in the second degree, (3) by vacating the period of postrelease supervision imposed on the conviction of burglary in the third degree, and (4) by vacating the requirement that the defendant file two confessions of judgment as a component of restitution and vacating any confessions of judgment that have been filed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for resentencing on the convictions of arson in the third degree and burglary in the second degree.

The defendant contends that the prosecution failed to adduce legally sufficient evidence to support her conviction of arson in the second degree, which requires proof that "another person who is not a participant in the crime is present in [the] building . . . at the time" of the fire (Penal Law § 150.15 [a]). Evidence adduced at trial established that the subject fire was set in a medical office where the defendant had worked for 2½ years. The office was located on the ground floor of a building in Rockville Centre, which contained residential apartments on the upper two floors. A resident of one of the apartments, who

was walking outside, noticed the fire and called 911. While this evidence was sufficient to establish that the defendant was aware of circumstances which would render the presence of another person in the building a reasonable possibility (*see* Penal Law § 150.15 [b]; *People v Burns,* 68 AD3d 1246, 1248 [2009]; *People v Regan,* 21 AD3d 1357, 1358 [2005]; *People v Jae Lee,* 251 AD2d 682 [1998]), the evidence was legally insufficient to prove that a resident of one of the apartments was actually present in the building when the fire was set (*cf. People v Grogan,* 192 AD2d 719, 720 [1993]; *People v Trepanier,* 84 AD2d 374 [1982]; *Payne v Jones,* 638 F Supp 669 [1986], *affd* 812 F2d 712 [1987]). Accordingly, the defendant's conviction of arson in the second degree and the sentence imposed thereon must be vacated, and that count of the indictment dismissed.

As the defendant contends, and the People correctly concede, the defendant's conviction of arson in the fourth degree under Penal Law § 150.05 must be vacated, and that count of the indictment dismissed. Under the circumstances presented here, the count of arson in the fourth degree was an inclusory concurrent count of arson in the third degree under Penal Law § 150.10 (*see* CPL 300.40 [4]; *People v Grier,* 37 NY2d 847, 848 [1975]).

The defendant failed to preserve for appellate review her contention that the Supreme Court did not adequately instruct the jurors as to note taking (*see People v Ramos,* 306 AD2d 295 [2003]; *People v Caraballo,* 221 AD2d 553, 554 [1995]). In any event, the Supreme Court provided proper instructions as to this matter, both at the beginning of the trial and prior to the jury's deliberations (*see People v Hues,* 92 NY2d 413 [1998]; *People v DiLuca,* 85 AD2d 439 [1982]; 22 NYCRR 220.10 [c]).

The defendant's contention that the Supreme Court improperly failed to conduct a hearing to determine the proper amount of restitution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Horne,* 97 NY2d 404, 414 n 3 [2002]; *People v Baez,* 52 AD3d 840 [2008]). In any event, this contention is without merit. In making its finding with respect to a victim's actual out-of-pocket loss, a court must conduct a hearing only "[i]f the record does not contain sufficient evidence to support such finding or upon request by the defendant" (Penal Law § 60.27 [2]). Here, the defendant did not request a hearing, and the Supreme Court properly made a finding of the amount of actual loss sustained by the victims, based upon sufficient evidence in the record (*see People v Kim,* 91 NY2d 407, 410-411 [1998]; *People v Lawson,* 65 AD3d 1380 [2009]; *People v Charles,* 309 AD2d 873, 874 [2003]). Similarly, the defendant's conten-

tion that the Supreme Court was required to determine her ability to pay is unpreserved for appellate review and, in any event, without merit (*see People v Henry*, 64 AD3d 804, 807 [2009]). In the event of her future inability to pay, the defendant may seek resentencing pursuant to CPL 420.10 (5) (*id.*; *see People v Holden*, 244 AD2d 961, 962 [1997]).

The Supreme Court erred, however, in directing the defendant to file two confessions of judgment as a component of restitution. Statutory provisions applicable to the collection of restitution do not authorize the execution and filing of a confession of judgment as a condition of the sentence (*see* CPL 420.10). Accordingly, we modify the sentence by deleting the requirement that the defendant file confessions of judgment, and vacate any confession of judgment which may have been filed pursuant to that order (*see* CPL 470.15 [4] [c]).

As the People correctly acknowledge, this matter must be remitted to the Supreme Court, Nassau County, for resentencing on the defendant's convictions of arson in the third degree and burglary in the second degree. With respect to the count of arson in the third degree (*see* Penal Law § 150.10), the Supreme Court imposed a determinate sentence of 3¹/₂ years of imprisonment, followed by a period of two years of postrelease supervision. However, the Supreme Court was required to impose an indeterminate sentence upon the defendant's conviction of that crime, since arson in the third degree is not a violent felony offense for which a determinate sentence may be imposed (*see* Penal Law § 70.00 [1], [2]). Further, a period of postrelease supervision is not authorized in connection with an indeterminate sentence (*see* Penal Law § 70.45; *People v Watts*, 309 AD2d 628, 629 [2003]). With respect to the count of burglary in the second degree (*see* Penal Law § 140.25), the Supreme Court properly imposed a determinate sentence since that crime is defined as a class C violent felony offense (*see* Penal Law § 70.00 [1]; § 70.02 [1] [b]; [2] [a]), for which postrelease supervision must be imposed (*see* Penal Law § 70.45 [2] [f]). The period of postrelease supervision imposed in connection with that count, however, was not clear, due to a conflict between the minutes of the sentencing hearing and the Sentence and Commitment Sheet filed with the Clerk of the Supreme Court. Accordingly, we remit this matter to the Supreme Court, Nassau County, for resentencing on the defendant's convictions of arson in the third degree and burglary in the second degree.

In addition, the Supreme Court erred in imposing a term of postrelease supervision as part of the sentence on the defendant's conviction of burglary in the third degree. The Supreme

Court imposed only a definite term of imprisonment of one year on the conviction of that crime (see Penal Law § 70.00 [4]; § 70.15 [1]), and not a determinate term of imprisonment. Since a period of postrelease supervision is only required to be imposed in connection with a determinate term of imprisonment (see Penal Law § 70.45 [1]), and may not be imposed in connection with a definite term of imprisonment, the Supreme Court erred in imposing a term of postrelease supervision with respect to that definite sentence (see Penal Law § 70.45; *People v Murdaugh*, 38 AD3d 918, 920 [2007]; cf. *People v Watts*, 309 AD2d at 629). Accordingly, we vacate so much of the judgment as imposed a period of postrelease supervision as part of the sentence on the conviction of burglary in the third degree.

The defendant's remaining contention is without merit. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.