■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ROJAS, Also Known as MIGUEL A. ROJAS, Appellant. [903 NYS2d 258]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered June 6, 2008, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review since the defendant failed to move to withdraw his plea prior to sentencing (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725 [1995]; *People v Johnson*, 73 AD3d 951 [2010]; *People v Marcinak*, 69 AD3d 654 [2010], *lv denied* 14 NY3d 842 [2010]; *People v Colston*, 68 AD3d 1130 [2009]). Moreover, the plea proceedings do not "clearly cast[ ] significant doubt upon the defendant's guilt or otherwise call[ ] into question the voluntariness of the plea" and, thus, this case is not a "rare case" presenting an exception to the preservation requirement (*People v Lopez*, 71 NY2d 662, 666 [1988]).

The defendant's challenge to the restitution component of his sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bruno*, 73 AD3d 941 [2010]; *People v Harris*, 72 AD3d 1110 [2010]), and we decline to reach it in the interest of justice (*see* CPL 470.15).

The defendant's sentence was part of a negotiated plea agreement. Accordingly, he has no basis to complain that the sentence was excessive (*see People v Vere*, 44 AD3d 690, 692 [2007]; *People v Fiori*, 24 AD3d 687 [2005]; *People v Mejia*, 6 AD3d 630 [2004]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.