*733 The defendant’s challenge to the legal sufficiency of the evidence supporting his conviction of burglary in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Finger, 95 NY2d 894, 895 [2000]; People v Gray, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of burglary in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the conviction of burglary in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention, raised in his pro se supplemental brief, that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012], lv denied 19 NY3d 960 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
In his pro se supplemental brief, the defendant contends, in effect, that the County Court improperly failed to conduct a hearing to determine the proper amount of restitution. This contention is unpreserved for appellate review (see People v *734 Francis, 82 AD3d 1263 [2011]; People v Nelson, 77 AD3d 973 [2010]; People v Rojas, 74 AD3d 1369 [2010]; People v Harris, 72 AD3d 1110, 1112 [2010]). In any event, this contention is without merit, as “the [County] Court properly made a finding of the amount of actual loss sustained by the victims, based upon sufficient evidence in the record” (People v Harris, 72 AD3d at 1112).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions, raised in his pro se supplemental brief, are without merit. Skelos, J.E, Balkin, Leventhal and Cohen, JJ., concur.