Appeal by the defendant from a judgment of the County Court, Nassau County (McCormack, J.), rendered October 29, 2009, convicting him of aggravated vehicular homicide, aggravated vehicular assault, assault in the third degree (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, aggravated operating a motor vehicle while under the influence of alcohol as a felony, and operating a motor vehicle without an ignition interlock device, upon his plea of guilty, and imposing sentence, including a direction that the defendant make restitution in the sum of $17,724.67.
Ordered that the judgment is modified, on the law, by vacating the provision of the sentence directing the defendant to make restitution in the sum of $17,724.67; as so modified, the judgment is affirmed.
Contrary to the defendant’s contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248 [2006]; People v Callahan, 80 NY2d 273 [1992]; People v Seaberg, 74 NY2d 1 [1989]). The defendant’s valid waiver precludes review of his claim that the County Court improperly based its sentence upon an unsubstantiated fact in violation of the principles set forth in Apprendi v New Jersey (530 US 466 [2000]; see People v Rodriguez, 82 AD3d 794, 795 [2011]; People v Haynes, 70 AD3d 718, 719 [2010]; People v Andre L., 18 AD3d 575, 576 [2005]).
The defendant’s waiver of the right to appeal does not encompass his contention that the County Court breached the plea agreement by directing him to pay restitution (see People v Johnson, 14 NY3d 483, 486-487 [2010]; People v Doris, 64 AD3d 813 [2009]; People v Delair, 6 AD3d 1152 [2004]). Although a court is free to reserve the right to order restitution as part of a plea agreement (see People v Ortega, 61 AD3d 705, 706 [2009]; People v Kegel, 55 AD3d 625 [2008]; People v Henderson, 44 AD3d 873 [2007]), there is no indication in the plea minutes that the defendant’s plea of guilty was negotiated with terms that included restitution, and the People concede that restitution was not part of the plea agreement. Accordingly, at sentencing, the defendant should have been given an opportunity either to withdraw his plea or to accept the addition of restitution to his negotiated sentence (see People v Ortega, 61 AD3d at 706; People v Kegel, 55 AD3d at 625; People v Henderson, 44 AD3d at 874). The sole relief requested by the defendant on appeal is *653 modification of his sentence to vacate the provision directing restitution, and the People consent to the sentence being so modified. Under these circumstances, in lieu of vacating the sentence in its entirety and remitting the matter to afford the defendant the opportunity to withdraw his plea, we deem it appropriate to vacate the provision of the defendant’s sentence directing restitution, so as to conform the sentence imposed to the promise made to him in exchange for his plea of guilty (see People v McKenzie, 98 AD3d 749 [2012]; People v Bruno, 73 AD3d 941, 942 [2010]; People v Brown, 70 AD3d 1047, 1048 [2010], cert denied 562 US —, 131 S Ct 420 [2010]; People v Ortega, 61 AD3d at 706). Eng, EJ., Rivera, Balkin and Austin, JJ., concur.