■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARPAL HIRA, Appellant. [954 NYS2d 193]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered November 23, 2010, convicting him of murder in the second degree, assault in the first degree, assault in the second degree, criminal contempt in the first degree (two counts), aggravated criminal contempt (two counts), criminal possession of a weapon in the fourth degree, assault in the third degree, and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The Supreme Court submitted, inter alia, the charge of murder in the second degree (*see* Penal Law § 125.25 [1]) to the jury and, in the alternative, the lesser-included offense of manslaughter in the first degree (*see* Penal Law § 125.20 [1]). The court denied the defendant's request to charge manslaughter in the second degree (*see* Penal Law § 125.15 [1]). The jury found the defendant guilty of, among other things, murder in the second degree. Where, as here, "a court charges the next lesser included offense of the crime alleged in the indictment, but refuses to charge lesser degrees than that . . . the defendant's conviction of the crime alleged in the indictment forecloses a challenge to the court's refusal to charge the remote lesser included offenses" (*People v Boettcher*, 69 NY2d 174, 180 [1987]; *see People v Green*, 5 NY3d 538, 545 [2005]; *People v Irizarry*, 88 AD3d 1013 [2011]). "Thus, review of the defendant's challenge to the [Supreme] Court's refusal to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree is foreclosed by the jury verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the lesser-included offense of manslaughter in the first degree" (*People v Gorham*, 72 AD3d 1108, 1109 [2010]; *see People v Johnson*, 87 NY2d 357, 361 [1996]; *People v Irizarry*, 88 AD3d at 1013; *People v Alston*, 77 AD3d 762 [2010]).

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree under count three of the indictment, which is predicated on the theory that the defendant intentionally caused serious physical injury to the complainant by means of a dangerous

instrument, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Serrano*, 74 AD3d 1104, 1105 [2010]), and, in any event, is without merit.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the crimes of which the defendant was convicted was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no basis for vacating the defendant's conviction of criminal contempt in the first degree. Although the defendant was convicted of aggravated criminal contempt, criminal contempt in the first degree is not a lesser-included offense of that crime (*see* CPL 1.20 [37]; *People v Glover*, 57 NY2d 61, 63-64 [1982]; *People v Wilmore*, 305 AD2d 117, 118 [2003]). It is possible to commit aggravated criminal contempt without committing criminal contempt in the first degree, because aggravated criminal contempt can be committed recklessly (*see* Penal Law § 215.52), whereas criminal contempt in the first degree requires intent (*see* Penal Law § 215.51 [b] [v]).

The People correctly concede that the defendant's conviction of assault in the second degree must be vacated, and that count of the indictment dismissed, as it is an inclusory concurrent count of assault in the first degree (*see* CPL 300.30 [4]; 300.40 [3] [b]; Penal Law §§ 120.05 [1], [2]; 120.10 [1]; *People v LaConte*, 45 AD3d 699, 699-700 [2007]; *People v Hamm*, 42 AD3d 550 [2007]; *People v DeFreitas*, 19 AD3d 506, 507 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.