■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APRIL THOMPSON, Also Known as APRIL SANDERS, Appellant. [963 NYS2d 406]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered August 1, 2011, convicting her of burglary in the second degree (four counts), upon her plea of guilty, and imposing sentence, including a direction that the defendant make restitution in a certain sum.

Ordered that judgment is modified, as a matter of discretion in the interest of justice, by vacating the provision of the sentence directing the defendant to make restitution in a certain sum; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

The defendant's contention that the restitution component of her sentence should be eliminated because the County Court breached the plea agreement by directing her to make restitution is unpreserved for appellate review (see CPL 470.05 [2]; People v Marinaro, 45 AD3d 867, 868 [2007]; cf. People v McAlpin, 17 NY3d 936 [2011]; People v Louree, 8 NY3d 541 [2007]). Nevertheless, we reach the issue, as a matter of discretion in the interest of justice.

The People correctly concede that the County Court erred in imposing restitution since there is no indication in the plea minutes that the defendant's plea of guilty was negotiated with terms that included restitution. The sole relief requested by the defendant on appeal is modification of her sentence to vacate the provision directing her to make restitution, and the People consent to the sentence being so modified, although they assert that a mandatory surcharge must then be imposed. Under the circumstances of this case, we deem it appropriate to vacate the provision of the defendant's sentence directing her to make restitution (see People v Esquivel, 100 AD3d 652, 652-653 [2012], lv denied 20 NY3d 1011 [2013]), and remit the matter to the County Court, Suffolk County, for the imposition of the appropriate mandatory surcharge (see Penal Law § 60.35). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.