*740 Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered December 7, 2007, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence, including restitution in the sum of $11,194.
Ordered that the judgment is affirmed.
The defendant’s claim that his plea was not knowing, voluntary, and intelligent is not preserved for appellate review inasmuch as he did not move to withdraw his plea (see CPL 220.60 [3]; People v Henandez-Bautista, 89 AD3d 749 [2011]). This preservation requirement is excused only in the rare case when the plea colloquy itself casts “significant doubt” on the defendant’s guilt or otherwise calls into question the voluntariness of the plea (People v Lopez, 71 NY2d 662, 666 [1988]; People v Rojas, 74 AD3d 1369, 1369 [2010] [internal quotation marks omitted]). Here, the record does not cast significant doubt on the defendant’s guilt or otherwise call into question the voluntariness of his plea (see People v Rojas, 74 AD3d at 1369).
The defendant asserts that the Court erred in imposing restitution as part of the sentence, and requests that the restitution component of the sentence be vacated. The defendant’s contentions are unpreserved for appellate review (see People v Thompson, 105 AD3d 1067 [2013]; People v Fields, 101 AD3d 1043 [2012]). The defendant does not contend that his plea of guilty was rendered involuntary or unknowing due to any failure to advise him about restitution at the plea proceeding, and he does not seek to withdraw his plea on that ground. Thus, the defendant is not excused from the preservation requirement due to any lack of opportunity at the sentencing proceeding to move to withdraw his plea (see People v McAlpin, 17 NY3d 936 [2011]; People v Louree, 8 NY3d 541, 545-546 [2007]). We decline to exercise our interest of justice jurisdiction to review the defendant’s contentions regarding the imposition of restitution. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.