Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Carter, J.), rendered October 13, 2010, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed October 28, 2010.
Ordered that the judgment and resentence are affirmed.
The defendant asserts that the Supreme Court erred in imposing restitution as part of the sentence, and requests that the restitution component of the sentence be vacated. The defendant’s contentions are unpreserved for appellate review (see People v Thompson, 105 AD3d 1067 [2013]; People v Fields, 101 AD3d 1043 [2012]). The defendant does not contend that his plea of guilty was rendered involuntary or unknowing due to any failure to advise him about restitution at the plea proceeding, and he does not seek to withdraw his plea on that ground. Thus, the defendant is not excused from the preservation requirement due to any lack of opportunity at the sentencing proceeding to move to withdraw his plea (see People v McAlpin, 17 NY3d 936 [2011]; People v Louree, 8 NY3d 541, 545-546 [2007]). We decline to exercise our interest of justice jurisdiction to review the defendant’s contentions regarding the imposition of restitution.
The defendant’s contention that the Supreme Court failed to fix the time and manner of performance of the restitution on the record at the time of sentencing also is unpreserved for appellate review (see People v Nathan, 79 AD3d 910, 911 [2010]), and we decline to review that contention in the exercise of our interest of justice jurisdiction.
The Supreme Court was not obligated to make a “minimal inquiry” into the defendant’s request to substitute new counsel since his request was based on a conclusory statement and reflected only a delaying tactic (People v Linares, 2 NY3d 507, 510-511 [2004]; see People v Stevenson, 36 AD3d 634, 634-635 [2007]).
The defendant’s contention that he was deprived of the effective assistance of counsel due to his attorney’s alleged misstate- *749 merits regarding the term of supervised release is without merit (see Strickland v Washington, 466 US 668 [1984]; People v Stultz, 2 NY3d 277 [2004]).
The defendant’s remaining contention is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Eng. P.J., Rivera, Chambers, Sgroi and Miller, JJ., concur.