■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. PORDY, Appellant. [976 NYS2d 184]—

Appeal by the defendant from an amended judgment of the County Court, Rockland County (Nelson, J.), rendered August 13, 2012, upon remittitur from this Court for resentencing after modification (*see People v Pordy*, 88 AD3d 746 [2011]), upon his conviction of grand larceny in the second degree, aiding or assisting in the giving of fraudulent returns (two counts), offering a false instrument for filing in the first degree (seven counts), and conspiracy in the fourth degree, upon a jury verdict.

Ordered that the amended judgment is affirmed.

Contrary to the defendant's assertions, the sentencing court properly entered an amended order of restitution against the defendant pursuant to Penal Law § 60.27. That statute does not mandate that a sentencing court determine a defendant's ability to pay restitution where that defendant is sentenced to a term of probation (*see People v Harris*, 72 AD3d 1110, 1112-1113 [2010]; *People v Lugo*, 191 AD2d 648 [1993]; *cf.* Penal Law § 65.10 [2] [g]). In any event, the sentencing court considered the defendant's ability to pay in fashioning the amended order of restitution. The court based the imposed monthly restitution payments of $1,000 on certain discretionary expenses reported by the defendant. We note that if the defendant is unable to pay the restitution as ordered, he may seek resentencing (*see* CPL 420.10 [5]; *People v Harris*, 72 AD3d at 1112-1113). Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.