■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY TOTESAU, Appellant. [977 NYS2d 364]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered February 7, 2011, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree, attempted assault in the second degree (four counts), and unlawful imprisonment in the second degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that certain physical evidence found by the police inside the car being driven by the defendant when he was stopped should have been suppressed is without merit.

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the first degree under count one of the indictment and burglary in the first degree under count six of the indictment, which are both predicated on the theory that the defendant used or threatened to use a dangerous instrument, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Hira*, 100 AD3d 922, 923-924 [2012]; *People v Serrano*, 74 AD3d 1104, 1105 [2010]). In any event, viewing

the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court erred in allowing into evidence certain expert testimony regarding DNA found on a ski mask is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Joseph*, 97 AD3d 838, 839 [2012]; *People v Laigo*, 70 AD3d 970, 971 [2010]) and, in any event, without merit (*see People v Joseph*, 97 AD3d at 839). Similarly, the defendant's contention that the testimony of several police officers improperly bolstered the complainants' identification testimony (*see People v Trowbridge*, 305 NY 471 [1953]) is unpreserved for appellate review (*see People v West*, 56 NY2d 662, 663 [1982]; *People v Lassiter*, 74 AD3d 1094 [2010]; *People v Melendez*, 51 AD3d 1040, 1041 [2008]), and, in any event, without merit (*see People v Lassiter*, 74 AD3d at 1094; *People v Moore*, 159 AD2d 521, 522 [1990]).

The defendant's contention that various remarks made by the prosecutor during the opening statement and the summation were improper and deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, while some of the comments would have been better left unsaid, the defendant was not deprived of a fair trial thereby, and any other error in this regard was harmless in light of the overwhelming evidence of the defendant's guilt, and the fact that there is no significant probability that the comments contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that the Supreme Court improperly failed to conduct a hearing to determine the proper amount of restitution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Harris*, 72 AD3d 1110, 1112-1113 [2010]; *People v Baez*, 52 AD3d 840 [2008]) and, in any event, without merit, since the Supreme Court properly made a finding of the amount of actual

loss sustained by the victims, based upon sufficient evidence in the record (*see People v Kim*, 91 NY2d 407, 410-411 [1998]; *People v Harris*, 72 AD3d at 1112; *People v Lawson*, 65 AD3d 1380 [2009]; *People v Charles*, 309 AD2d 873, 874 [2003]). Similarly, the defendant's contention that the Supreme Court was required to determine his ability to pay is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, without merit (*see People v Harris*, 72 AD3d at 1112-1113; *People v Henry*, 64 AD3d 804, 807 [2009]).

The defendant's remaining contentions, including the remaining contentions raised in his supplemental pro se brief, are without merit. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.