■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MILLER, Appellant. [7 NYS3d 912]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered April 23, 2013, convicting him of attempted assault in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the restitution component of his sentence should be vacated because he was not informed during the plea proceeding that his sentence would include restitution. The defendant's contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Woods*, 110 AD3d 748 [2013]; *People v Jerome*, 110 AD3d 739, 740 [2013]; *People v Thompson*, 105 AD3d 1067 [2013]). The defendant does not contend that his plea of guilty was rendered involuntary or unknowing due to any failure to advise him at the plea proceeding about restitution, and he does not seek to withdraw his plea on that ground. Thus, the defendant is not excused from the preservation requirement due to any lack of opportunity at the sentencing proceeding to move to withdraw his plea (*see People v Woods*, 110 AD3d at 748; *People v Jerome*, 110 AD3d at 740; *cf. People v Turner*, 24 NY3d 254 [2014]; *People v McAlpin*, 17 NY3d 936 [2011]; *People v Louree*, 8 NY3d 541, 545-546 [2007]), and we decline to exercise our interest of justice jurisdiction to review the defendant's contention regarding the imposition of restitution. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.