■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS NILSEN, Appellant. [11 NYS3d 255]—Appeal by the defendant, as limited by his brief, from so much of a resentence of the County Court, Suffolk County (Toomey, J.), imposed March 13, 2014, as, upon his conviction of robbery in the third degree (two counts), and upon his plea of guilty, directed him to make restitution.

Ordered that the resentence is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, and the provision of the resentence directing the defendant to make restitution is vacated.

The defendant's contention that the restitution component of his sentence should be vacated because the County Court did

not indicate that the plea of guilty was negotiated with terms that included restitution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Woods,* 110 AD3d 748 [2013]; *People v Jerome,* 110 AD3d 739, 740 [2013]; *People v Thompson,* 105 AD3d 1067 [2013]). However, we reach the issue as a matter of discretion in the interest of justice.

The People correctly concede that the County Court erred in imposing restitution, since there is no indication in the plea minutes that the defendant's plea of guilty was negotiated with terms that included restitution. The sole relief requested by the defendant on appeal is modification of his resentence to vacate the provision directing him to make restitution, and the People consent to the resentence being so modified. Under the circumstances of this case, we deem it appropriate to vacate the provision of the defendant's resentence directing him to make restitution (*see People v Thompson,* 105 AD3d 1067 [2013]; *People v Esquivel,* 100 AD3d 652, 652-653 [2012]; *People v Bruno,* 73 AD3d 941, 942 [2010]). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.