■ The People of the State of New York, Respondent, v John Sheats, Appellant. [28 NYS3d 324]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Collins, J.), rendered February 17, 2015, convicting him of burglary in the third degree (two counts), upon his plea of guilty, imposing sentence, including a direction that the defendant make restitution in the sum of $2,800, and issuing two restitution judgment orders.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the provision of the sentence directing the defendant to make restitution in the sum of $2,800, and by vacating the two restitution judgment orders; as so modified, the judgment is affirmed.

The defendant's waiver of the right to appeal, even if effective, does not foreclose review of his contention that the Supreme Court violated the plea agreement by directing him to pay restitution (see People v Johnson, 14 NY3d 483, 486-487 [2010]; People v Esquivel, 100 AD3d 652 [2012]; People v Doris, 64 AD3d 813 [2009]; People v Delair, 6 AD3d 1152 [2004]). Although the defendant's contention is unpreserved for appellate review (see People v Miller, 128 AD3d 855 [2015]; People v Woods, 110 AD3d 748 [2013]; People v Jerome, 110 AD3d 739, 740 [2013]), we reach the issue as a matter of discretion in the interest of justice.

The People correctly concede that the Supreme Court erred in directing restitution, as there is no indication in the plea minutes that the defendant's plea of guilty was negotiated with terms that included restitution. The sole relief requested by the defendant is modification of his sentence to vacate the provision directing restitution, and the People consent to the sentence being so modified. Under the circumstances of this case, we deem it appropriate to vacate the provision of the de-

fendant's sentence directing him to make restitution and the two restitution judgment orders, so as to conform the sentence imposed to the promise made to the defendant in exchange for his plea of guilty (*see People v Nilsen*, 129 AD3d 994, 995 [2015]; *People v Thompson*, 105 AD3d 1067 [2013]; *People v Esquivel*, 100 AD3d at 652-653; *People v Bruno*, 73 AD3d 941, 942 [2010]). Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.