■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEH AL-MUWALLAD, Appellant. [28 NYS3d 337]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered July 8, 2010, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated October 29, 2014, the matter was remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea on the ground asserted in point II of his brief, and for a report thereafter on any such motion by the defendant, and the appeal was held in abeyance in the interim (see People v Al-Muwallad, 121 AD3d 1123 [2014]).

Motion by the defendant for leave to withdraw point II of his brief. By decision and order on motion of this Court dated December 23, 2015, the defendant was directed to notify the Supreme Court, Kings County, that he no longer sought an opportunity to move to vacate his plea on the ground asserted in point II of his appellate brief. Upon being so notified, the Supreme Court, Kings County, was directed to issue a report informing this Court of the defendant's position in accordance with the decision and order of this Court dated October 29, 2014, and the motion was held in abeyance in the interim. The Supreme Court, Kings County, has now issued its report, informing this Court that the defendant no longer seeks the opportunity to move to vacate his plea on the ground asserted in point II, and there was nothing for the court to determine upon remittitur.

Ordered that motion is granted, point II of the defendant's brief is withdrawn, and point II of the respondent's brief responding to point II of the defendant's brief is stricken; and it is further,

Ordered that the judgment is affirmed.

The defendant's claim that his plea colloquy was insufficient because it failed to demonstrate that he knowingly, intelligently, and voluntarily waived his rights (see Boykin v Alabama, 395 US 238, 243 [1969]) is unpreserved for appellate review (see People v Jerome, 110 AD3d 739, 740 [2013]). In any event, this contention is without merit (see People v Fiumefreddo, 82 NY2d 536 [1993]; People v Hernandez-Bautista, 89 AD3d 749 [2011]). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.