■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE PALMER, Appellant. [51 NYS3d 436]—

Egan Jr., J. Appeal from a judgment of the County Court of Ulster County (Williams Jr., J.), rendered June 11, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the seventh degree (two counts).

Pursuant to a plea agreement, defendant pleaded guilty to two counts of the reduced charge of criminal possession of a controlled substance in the seventh degree in satisfaction of a four-count indictment. As part of the agreement, defendant waived his right to appeal. County Court thereafter imposed the agreed-upon sentence of two consecutive one-year jail terms and ordered restitution in the amount of $360. Defendant appeals.

Defendant argues on appeal that the restitution component of his sentence should be vacated because, at the time of the plea, neither County Court nor the People advised him that restitution would be required as a condition of the plea agreement. As the People concede, the record reflects that, while restitution had been included in a prior plea offer that defendant had rejected, it was not included as a part of this plea agreement. Accordingly, under these circumstances, neither defendant's unchallenged waiver of appeal nor his failure to preserve this issue through an objection at sentencing precludes this claim (*see People v Rubio*, 133 AD3d 1041, 1042 [2015]; *People v Culcleasure*, 75 AD3d 832, 832 [2010]).

The sole relief that defendant requests on appeal is modification of his sentence to vacate the provision requiring that he make restitution, and the People consent to that relief—representing that defendant has been released from custody. Under

the circumstances, we deem it appropriate to vacate the provision of defendant's sentence imposing restitution, thereby conforming the sentence imposed to the promise made to defendant in exchange for his guilty plea (*see People v Nilsen*, 129 AD3d 994, 995 [2015]; *cf. People v Gregory*, 140 AD3d 1088, 1089 [2016]; *People v Roberts*, 139 AD3d 1092, 1092 [2016]; *People v Sheats*, 138 AD3d 894, 894-895 [2016]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to pay restitution in the amount of $360, and, as so modified, affirmed.