People v Anastasiou (2018 NY Slip Op 04748)





People v Anastasiou


2018 NY Slip Op 04748


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-11808
 (Ind. No. 1297-16)

[*1]The People of the State of New York, respondent,
v
John Anastasiou, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered September 30, 2016, convicting him of burglary in the second degree (nine counts), upon his plea of guilty, imposing sentence, including a direction that the defendant make restitution in the sum of $1,000, and issuing two restitution judgment orders.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the provisions of the sentence directing the defendant to make restitution in the sum of $1,000; as so modified, the judgment is affirmed, and the two restitution judgment orders are vacated.
Although the defendant's contention that the County Court violated the plea agreement by directing him to make restitution is unpreserved for appellate review (see People v Sims, 146 AD3d 820, 821), we reach the issue in the interest of justice. The court erred in directing the defendant to make restitution, as there is no indication in the plea minutes that the defendant's plea of guilty was negotiated with terms that included restitution. Under the circumstances of this case, and in accordance with the sole remedy sought by the defendant with respect to this claim, we deem it appropriate to vacate the direction that he make restitution and the two restitution judgment orders so as to conform the sentence imposed to the promise made to the defendant in exchange for his plea of guilty (see People v Sheats, 138 AD3d 894, 894-895; People v Nilsen, 129 AD3d 994, 995; People v Thompson, 105 AD3d 1067; People v Esquivel, 100 AD3d 652, 652-653; People v Bruno, 73 AD3d 941, 942).
The defendant received the minimum authorized term of imprisonment and postrelease supervision, so we have no authority to reduce those components of his sentence in the interest of justice (see People v Barber, 106 AD3d 1533, 1534; People v Fiorello, 97 AD3d 763, 763; People v Doumbia, 75 AD3d 422, 422).
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court