People v Vazquez (2019 NY Slip Op 04733)





People v Vazquez


2019 NY Slip Op 04733


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-02871
 (Ind. No. 17-00424)

[*1]The People of the State of New York, respondent,
v
Leslie Vazquez, appellant.


Walter J. Storey, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered February 14, 2018, convicting her of driving while ability impaired by drugs, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Under the circumstances of this case, the defendant's challenge to the amount of restitution imposed is not foreclosed by her waiver of the right to appeal (see generally People v Consalvo, 89 NY2d 140, 143; People v Isaacs, 71 AD3d 1161, 1161; People v McLean, 59 AD3d 859, 860-861). However, the plea minutes demonstrate that the defendant was told that restitution was part of her plea agreement, and at the outset of the sentencing proceeding, the defendant consented to the specific amount of restitution imposed. Accordingly, the defendant waived her contention that the County Court was required to conduct a hearing pursuant to Penal Law § 60.27(2) (see People v Dougherty, 121 AD3d 1011, 1012; People v Klein, 108 AD3d 780, 780).
The defendant's contention that the County Court was required to consider her ability to pay restitution is unpreserved for appellate review (see CPL 470.05[2]; People v Creekmur, 137 AD3d 1052, 1053; People v Winslow, 100 AD3d 1031, 1032; People v Isaacs, 71 AD3d at 1162), and, in any event, without merit (see People v Pordy, 112 AD3d 654, 654; People v Harris, 72 AD3d 1110, 1112-1113). We note that in the event that the defendant is unable to pay the restitution as ordered, she may seek resentencing pursuant to CPL 420.10(5) (see People v Pordy, 112 AD3d at 654; People v Harris, 72 AD3d at 1112-1113).
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court