People v Rosa (2020 NY Slip Op 01793)





People v Rosa


2020 NY Slip Op 01793


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


278 KA 16-01585

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN A. ROSA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an amended sentence of the Monroe County Court (John L. DeMarco, J.), rendered March 9, 2016. The amended sentence imposed restitution of $3,000. 
It is hereby ORDERED that the amended sentence so appealed from is unanimously vacated.
Memorandum: Defendant appeals from an amended sentence directing him to pay restitution arising from a judgment convicting him, upon a plea of guilty, of criminal trespass in the second degree (Penal Law
§ 140.15 [1]). Restitution was not part of the plea bargain, and thus the amended sentence exceeded the sentence promised in the plea bargain (see People v Feher, 165 AD3d 1610, 1610-1611 [4th Dept 2018], lv denied 32 NY3d 1171 [2019]). Defendant objected to County Court imposing restitution (see People v Gilmore, 12 AD3d 1155, 1156 [4th Dept 2004]), but the court rejected defendant's request for specific performance of the plea agreement and instead offered defendant the opportunity to withdraw his plea, which defendant declined. As defendant contends and the People correctly concede, defendant was entitled to specific performance of the plea agreement because he "placed himself in a no-return' position by carrying out his obligations under" the agreement here, and there was "no significant additional information bearing upon the appropriateness of the plea bargain" (People v Danny G., 61 NY2d 169, 171 [1984]; see generally People v Smith, 93 AD3d 1239, 1239 [4th Dept 2012]). We therefore vacate the amended sentence imposing restitution (see People v Nilsen, 129 AD3d 994, 995 [2d Dept 2015]; see also Feher, 165 AD3d at 1611).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court