People v Malgarinos (2022 NY Slip Op 02019)





People v Malgarinos


2022 NY Slip Op 02019


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-13188

[*1]The People of the State of New York, respondent,
v
Stefan Malgarinos, appellant. (S.C.I. No. 17-1295)


Jason M. Bernheimer, Valhalla, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfranceso and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Michael A. Martinelli, J.), rendered September 18, 2019, convicting him of grand larceny in the second degree and scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to grand larceny in the second degree (Penal Law § 155.40[1]) and scheme to defraud in the first degree (id. § 190.65[1][b]). The plea minutes demonstrate that the defendant was told that restitution was part of his plea agreement, and at the plea proceeding, the defendant consented to the specific amount of restitution imposed. Accordingly, the defendant waived his contentions that the County Court was required to conduct a hearing and to make its own independent determination of the amount of restitution (see People v Vazquez, 173 AD3d 907, 908; People v Dougherty, 121 AD3d 1011, 1012).
The defendant's contention that the County Court was required to consider his ability to pay restitution is unpreserved for appellate review (see CPL 470.05[2]; People v Horne, 97 NY2d 404, 414 n 3; People v Totesau, 112 AD3d 977, 979), and, in any event, without merit (see Penal Law § 60.27; People v Harris, 72 AD3d 1110, 1112-1113; People v Henry, 64 AD3d 804, 807). We note that in the event that the defendant is unable to pay the restitution as ordered, he may seek resentencing pursuant to CPL 420.10(5) (see People v Vazquez, 173 AD3d at 908; People v Harris, 72 AD3d at 1113).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court