THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN MARIE LAMBERT, Appellant. [633 NYS2d 897] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Upon her plea of guilty of one count of scheme to defraud in the second degree (Penal Law § 190.60), defendant was sentenced to a term of probation of three years, the first 90 days of which were to be served in the Onondaga County Correctional Facility. Additionally, she was ordered, as a condition of probation, to pay restitution in the amount of $431,482.59 plus a 10% surcharge, for a total of $474,630.85. Although defendant neither requested a hearing regarding the amount of restitution nor objected to the amount ordered, she has not forfeited or waived her right of review because of the " 'essential nature' " of the right to be sentenced in accordance with the law *(People v Fuller,* 57 NY2d 152, 156; *see, People v Bernier,* 197 AD2d 882).

Although a sentencing court may utilize the Probation Department "to act as a preliminary fact finder and submit its recommendations in a written report * * * in the end it is for the court, which alone must impose the sentence, to decide how much of the report, if any, to adopt and how much to reject" *(People v Fuller, supra,* at 158-159). Furthermore, where the trial or plea record and the probation report do not provide a sufficient basis upon which to calculate a proper restitution figure, a hearing must be conducted by the court *(see, People v Yong Ho Han,* 200 AD2d 780, 782, *lv denied* 83 NY2d 916; *People v James,* 186 AD2d 679, 680, *lv denied* 81 NY2d 763).

Here, County Court ordered defendant to make restitution in an amount equal to one half of the total loss sustained by the victims as determined by the Probation Department. The record, however, supports a determination that the total loss sustained by the victims totalled $691,353.18. There is no basis in the record for the finding that an additional sum of $171,612 was sustained by four victims who did not complete victim statements and restitution claim forms. Furthermore, the court failed to consider the fact that several items in defendant's possession that were "fruits" of the offense were turned over to the District Attorney and sold at an auction.

Therefore, we modify the judgment by vacating the condition of probation that ordered defendant to make restitution and remit the matter to Onondaga County Court to conduct a hearing to determine the appropriate amount of restitution to be paid by defendant *(see, People v Bernier, supra)*. (Appeal from Judgment of Onondaga County Court, Burke, J.—Scheme to Defraud, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.