■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAJIN CHARLES, Appellant. [766 NYS2d 42] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered May 14, 1999, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. Viewing the record as a whole, the defendant received meaningful representation (*see People v Henry,* 95 NY2d 563 [2000]; *People v Baldi,* 54 NY2d 137 [1981]). The defense counsel presented a reasonable defense, interposed appropriate objections, effectively cross-examined witnesses, and delivered a cogent summation (*see People v Mejias,* 278 AD2d 249 [2000]). Unsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel (*see People v Henry, supra; People v Jackson,* 52 NY2d 1027 [1981]).

The defendant's contention that the trial court erred in admitting testimony that he threatened a witness is unpreserved for appellate review (*see People v Tevaha,* 84 NY2d 879 [1994]) and, in any event, is without merit (*see People v De La Cruz,* 227 AD2d 241 [1996]; *People v Leitzsey,* 173 AD2d 488 [1991]).

Contrary to the defendant's contention raised in his supplemental pro se brief, the County Court properly ordered restitution in the amount of the complainants' medical expenses without conducting a hearing. A court must conduct a hearing on the issue of restitution only "[i]f the record does not contain sufficient evidence to support such finding [of the actual out-of-pocket loss] or upon request by the defendant" (Penal Law § 60.27 [2]). Here, the defendant did not request a hearing and there was sufficient support in the record for the court's determination of the amount of the complainants' out-of-pocket losses (*see People v Kim,* 91 NY2d 407 [1998]; *People v Stubbs,* 281 AD2d 498 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Altman, J.P., Goldstein, Townes and Mastro, JJ., concur.