■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD ISAACS, Appellant. [898 NYS2d 226]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered January 17, 2008, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to robbery in the second degree in connection with his theft of an automobile, in full satisfaction of an indictment that also charged him with, inter alia, petit larceny in connection with his theft of merchandise from a convenience store. The defendant's sentence included a directive that he pay reparations to the owner of the automobile to reimburse her for the cost of repairing damage to the automobile allegedly caused by the defendant during his possession of the automobile, and restitution to the convenience store for the value of the merchandise he stole.

Since no specific amount of restitution and reparation was included in the terms of the defendant's plea agreement, his challenge to the amount of restitution and reparation imposed at sentencing is not foreclosed by his waiver of the right to appeal (see People v McLean, 59 AD3d 859, 860-861 [2009]; People v Sartori, 8 AD3d 748, 749 [2004]; People v Sweeney, 4 AD3d 769, 770 [2004]). However, to the extent that the defendant challenges the portion of the sentence requiring him to pay reparations for damage to the automobile as lacking in record support or contends that the Supreme Court should have conducted a restitution hearing, any such contentions, as well as the defendant's contention that restitution to the convenience store was unwarranted, are unpreserved for appellate review by virtue of the defendant's failure, at the sentencing proceeding, to raise any objection to the imposition of restitution and reparations, or contest the amount thereof, or request a hearing (see People v Horne, 97 NY2d 404, 414 n3 [2002]; People v Callahan, 80 NY2d 273, 281 [1992]; People v Golgoski, 40 AD3d 1138 [2007]; People v Williams, 28 AD3d 1005, 1011 [2006]; People v Melino, 16 AD3d 908, 911 [2005]; People v Owens, 10 AD3d 619 [2004]), and we decline to review them in the exercise of our interest of justice jurisdiction.

To the extent that the defendant contends that the portion of the sentence requiring him to pay reparations for damage to the automobile is illegal because he was not charged with criminal mischief, and restitution or reparations for losses caused by an

uncharged offense is not statutorily authorized, his contention is without merit (see Penal Law § 60.27 [4] [a]; *People v Prewett*, 126 AD2d 86 [1987]; *see also People v Sheehy*, 274 AD2d 844, 846 [2000]; *People v Palella*, 148 AD2d 838, 839 [1989]; *cf. People v Horne*, 97 NY2d at 412-413; *People v Asch*, 160 AD2d 1038, 1039 [1990]). Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.