■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN WARD, Appellant. [962 NYS2d 276]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 19, 2010, convicting him of attempt to evade or defeat taxes on cigarettes and tobacco products, ten thousand cigarettes or more, upon his plea of guilty, and imposing sentence, including a direction that the defendant pay restitution in the sum of $9,042,437.50.

Ordered that the judgment is modified, on the law, by vacating the provision thereof directing the defendant to pay restitution in the sum of $9,042,437.50; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.

The defendant was a participant in a scheme to sell cigarettes without payment of the required taxes. He pleaded guilty to a class E felony under the Tax Law (*see* former Tax Law § 1814 [a] [2] [ii]) in exchange, inter alia, for the promise of a specific prison term and a payment of restitution in the sum of $9,042,437.50. At sentencing, however, the defendant objected to the amount of restitution. The County Court, nevertheless, sentenced the defendant as promised, including the entry of a judgment directing the payment of restitution in the amount provided for in the defendant's plea agreement. On appeal, the defendant claims that the court should have held a hearing as to the proper amount of restitution.

Penal Law § 60.27 (2), which provides for restitution, is clear as to when a hearing must be held in setting the amount of restitution: "Whenever the court requires restitution or reparation to be made, the court must make a finding as to the dollar

amount of the fruits of the offense and the actual out-of-pocket loss to the victim caused by the offense . . . *If the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue* in accordance with the procedure set forth in section 400.30 of the criminal procedure law" (emphasis added). Thus, a hearing must be held if the record does not contain sufficient facts or if the defendant requests a hearing (*see People v Charles*, 309 AD2d 873, 874 [2003]; *People v Stubbs*, 281 AD2d 498, 498 [2001]; *People v Lambert*, 221 AD2d 1015, 1015 [1995]). Here, the defendant preserved his claim for appellate review by contesting the amount of restitution at sentencing (*cf. People v Isaacs*, 71 AD3d 1161, 1161 [2010]). Although he did not specifically request a hearing, the record contains no evidence from which the proper amount of restitution may be determined. The fact that the defendant's plea agreement provided for a specific amount of restitution does not relieve the People from the requirement that they establish a record basis for that amount (*see* Penal Law § 60.27 [2]; *People v Consalvo*, 89 NY2d 140, 146 [1996]; *People v Harden*, 174 AD2d 691, 692 [1991]; *People v Barnes*, 135 AD2d 825, 826 [1987]). Consequently, the matter must be remitted to the County Court, Suffolk County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof (*see People v Yong Ho Han*, 200 AD2d 780, 782 [1994]; *People v Barnes*, 135 AD2d at 826). Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.