■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAM MORRISHILL, Appellant. [6 NYS3d 632]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered January 20, 2011, convicting him of criminal sale of a controlled substance

in the second degree, upon his plea of guilty (Asher, J.), and imposing sentence, including restitution in the sum of $4,980.

Ordered that the judgment is modified, on the law, by vacating the restitution in the sum of $4,980; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

The defendant entered a plea agreement calling for a specified prison term and period of postrelease supervision, and an amount of restitution. The restitution amount represented the amount of "buy money" expended by the police in their purchases of drugs from the defendant (see Penal Law § 60.27 [9]). Nonetheless, at the sentencing proceeding, the defendant objected to the amount of restitution and asked for proof as to the proper amount.

Under Penal Law § 60.27 (9), a defendant may be ordered to pay restitution for funds used by law enforcement in the purchase of drugs, if certain prerequisites are met. Before a defendant may be directed to pay restitution, a hearing must be held if either: (1) the defendant objects to the amount of restitution and the record is insufficient to establish the proper amount; or (2) the defendant requests a hearing (see Penal Law § 60.27 [2]; People v Consalvo, 89 NY2d 140, 145-146 [1996]; People v Ward, 103 AD3d 925, 925-926 [2013]). This procedure must be followed even if the plea agreement contains a provision for a specific amount of restitution (see People v Consalvo, 89 NY2d at 145-146; People v Ward, 103 AD3d at 926).

Here, the defendant objected to the amount of restitution (see People v Ward, 103 AD3d at 926; cf. People v Finnegan, 112 AD3d 847, 847 [2013]). Moreover, the record was insufficient to establish the proper amount of restitution (see People v Consalvo, 89 NY2d at 145-146). Accordingly, the defendant was entitled to a hearing, and we therefore remit the matter to the Supreme Court, Suffolk County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof. Balkin, J.P., Hall, Roman and Cohen, JJ., concur.