■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE DRINKWINE, Appellant. [37 NYS3d 622]—

Appeal by the defendant, as limited by his motion, from so much of a sentence of the Supreme Court, Kings County (Chun, J.), imposed May 22, 2014, as included a direction that the defendant pay restitution in the sums of $3,400 to one complainant, and $167,200 to another complainant.

Ordered that the sentence is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing and, thereafter, a new determination as to the proper amount of restitution.

The defendant pleaded guilty to scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and grand larceny in the third degree (Penal Law § 155.35 [1]) in exchange for, inter alia, the promise of a specific prison term and payments of restitution in the sums of $3,400 to one complainant, and $167,200 to another complainant. At the time of the plea and sentencing, the defendant, however, contested the amount of restitution. The Supreme Court, nevertheless, sentenced the defendant as promised. On appeal, the defendant claims that the court should have held a hearing to determine the proper amount of restitution.

"Before a defendant may be directed to pay restitution, a hearing must be held if either: (1) the defendant objects to the amount of restitution and the record is insufficient to establish the proper amount; or (2) the defendant requests a hearing" (*People v Morrishill*, 127 AD3d 993, 994 [2015]; *see* Penal Law § 60.27 [2]; *People v Consalvo*, 89 NY2d 140, 145-146 [1996]). "This procedure must be followed even if the plea agreement contains a provision for a specific amount of restitution" (*People v Morrishill*, 127 AD3d at 994).

In directing restitution, the Supreme Court may not rely upon the defendant's mere conclusory admissions in response to the court's recital of an unsubstantiated amount of restitution during allocution of the plea (*see People v Consalvo*, 89 NY2d at 146; *cf. People v Kim*, 91 NY2d 407, 411 [1998]). Contrary to the People's contention, the presentence probation report, prepared almost a year before sentencing, did not provide a sufficient record of the proper amount of the actual out-of-pocket losses to the complainants. The defendant's admissions in the report as to the amounts he took did not correlate with the amounts of restitution ordered, and were insufficient to establish the proper amount of restitution in light of the delay between the time of the plea and the sentencing, and the defendant's position that he had paid one complainant in

full during the interim and that the amount owed to the other complainant had been reduced. Moreover, the presentence probation report indicated that neither of the complainants was contacted by the probation department. Since the defendant contested the amount of restitution, and the record was insufficient to establish the proper amount of restitution, the defendant was entitled to a hearing (*see People v Consalvo*, 89 NY2d at 145-146; *People v Morrishill*, 127 AD3d at 994; *People v Ward*, 103 AD3d 925, 925-926 [2013]; *cf. People v Kim*, 91 NY2d at 411).

Accordingly, we reverse the sentence insofar as appealed from, and remit the matter to the Supreme Court, Kings County, for a hearing and, thereafter, a new determination as to the proper amount of restitution. Eng, P.J., Leventhal, Cohen, LaSalle and Barros, JJ., concur.