People v Denny (2018 NY Slip Op 01613)





People v Denny


2018 NY Slip Op 01613


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-12093
 (Ind. No. 143/14)

[*1]The People of the State of New York, respondent,
v
Victor Denny, appellant.


Bruce A. Petito, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered October 29, 2015, convicting him of kidnapping in the second degree and robbery in the first degree, upon his plea of guilty, and imposing sentence, including a direction that the defendant pay restitution in the sum of $200,889.62.
ORDERED that the judgment is modified, on the law, by vacating the provision thereof directing the defendant to pay restitution in the sum of $200,889.62; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.
"Before a defendant may be directed to pay restitution, a hearing must be held if either: (1) the defendant objects to the amount of restitution and the record is insufficient to establish the proper amount; or (2) the defendant requests a hearing" (People v Morrishill, 127 AD3d 993, 994; see Penal Law § 60.27[2]; People v Consalvo, 89 NY2d 140, 145-146).
Here, the defendant objected to the amount of restitution payable to the kidnapping victim and requested a hearing (see People v Ward, 103 AD3d 925, 926; cf. People v Isaacs, 71 AD3d 1161, 1161). Moreover, the record was insufficient to establish the proper amount of restitution (see People v Morrishill, 127 AD3d at 994). Accordingly, the defendant was entitled to a hearing, and we therefore remit the matter to the County Court, Dutchess County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.
The component of the sentence imposed relating to incarceration was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court