People v Henriksen (2021 NY Slip Op 00189)





People v Henriksen


2021 NY Slip Op 00189


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-07833
 (Ind. No. 1493/17)

[*1]The People of the State of New York, respondent,
v
Kevin Henriksen, appellant.


Kevin Henriksen, Kew Gardens, NY, appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani,
and Peter R. Isham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered April 15, 2019, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that his guilty plea was not knowing, voluntary, or intelligent on the ground that the Supreme Court failed to inquire whether he voluntarily waived the affirmative defense of lack of criminal responsibility by reason of mental disease or defect, as he did not move to withdraw his guilty plea on this ground (see People v Leasure, 177 AD3d 770, 772). In any event, it is without merit (see People v Serrano, 160 AD2d 745, 746). There was nothing in the defendant's plea allocution in this case that would trigger a duty on the part of the court to inquire into a potential affirmative defense based on mental defect or disease (see People v Colemanorange, 151 AD3d 738, 739; People v Thomas, 139 AD3d 986, 986).
The defendant's contention that he was tricked by the prosecutor into pleading guilty is also unpreserved for appellate review, since no objection was made on this ground (see People v DiValentino, 154 AD3d 872, 873). Further, the argument is not reviewable on direct appeal, as it is largely based on matters de hors the record (see People v Reeves, 180 AD3d 936, 938).
The defendant's remaining contention is without merit.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court