People v Tippa (2021 NY Slip Op 03066)





People v Tippa


2021 NY Slip Op 03066


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-13173
 (Ind. No. 117/19)

[*1]The People of the State of New York, respondent,
v
Joseph Tippa, appellant.


Thomas N.N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered October 15, 2019, convicting him of grand larceny in the third degree and criminal contempt in the first degree, upon his plea of guilty, and imposing sentence, including a direction that the defendant pay restitution in the sum of $8,700.
ORDERED that the judgment is modified, on the law, by vacating the provision thereof directing the defendant to pay restitution in the sum of $8,700; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.
The defendant pleaded guilty to, inter alia, grand larceny in the third degree, admitting that he stole four computers with a total value in excess of $3,000. The presentence report indicated that the defendant stole four computers with a total value of approximately $7,150. At sentencing, the prosecutor represented that defense counsel was provided with "paperwork" showing that the total value of the stolen computers was the sum of $8,700. The County Court accepted that amount, and as part of the sentence imposed, directed that the defendant pay restitution in the sum of $8,700.
"Before a defendant may be directed to pay restitution, a hearing must be held if either: (1) the defendant objects to the amount of restitution and the record is insufficient to establish the proper amount; or (2) the defendant requests a hearing" (People v Morrishill, 127 AD3d 993, 994; see Penal Law § 60.27[2]; People v Consalvo, 89 NY2d 140, 145-146). Here, the defendant objected to the amount of restitution imposed by the County Court, and the record was insufficient to establish that the total value of the stolen computers was the sum of $8,700. Insofar as there is no indication in the record that the People submitted any documentation to the court for review showing the total value of the stolen computers, the court erred in relying upon the prosecutor's mere conclusory assertion as to the total value of the stolen computers without conducting a hearing (see People v Consalvo, 89 NY2d at 145; People v Drinkwine, 142 AD3d 1101, 1102). Accordingly, so much of the judgment as directed the defendant to pay restitution in the sum of $8,700 must be vacated, and the matter remitted to the County Court, Dutchess County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment (see People v Denny, [*2]159 AD3d 830, 831).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court