People v Jensen (2022 NY Slip Op 03250)

People v Jensen

2022 NY Slip Op 03250

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-03878
 (Ind. No. 19-00709)

[*1]The People of the State of New York, respondent,
v
Christopher Jensen, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass and Alexander J. H. Ochoa of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered February 26, 2020, convicting him of criminal mischief in the second degree, upon his plea of guilty, and imposing sentence, including a direction that the defendant pay restitution in the sum of $7,630.
ORDERED that the judgment is modified, on the law, by vacating the provision thereof directing the defendant to pay restitution in the sum of $7,630; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.
The defendant pleaded guilty to criminal mischief in the second degree, admitting, inter alia, that he threw a rock through a window of the complainant's home and damaged property with a value in excess of $1,500. The presentence report indicated that the complainant requested $7,630 in restitution for damages to his home. At sentencing, the only information before the County Court regarding the amount of damages was a contractor's estimate, unsigned by the complainant, indicating that the cost of work to repair the damages would be $7,630. The defendant objected to the amount of restitution requested. As part of the sentence imposed, the court directed the defendant to pay restitution in the sum of $7,630.
The defendant validly waived his right to appeal. The record of the plea proceeding demonstrates that the County Court sufficiently advised the defendant of the nature of the right to appeal, and that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Ayala, 172 AD3d 1085, 1086-1087; People v Ferguson, 113 AD3d 874, 874).
The defendant's claim with respect to the voluntariness of his plea survives his valid waiver of the right to appeal (see People v Fontanet, 126 AD3d 723, 723). However, the defendant's contention that his plea of guilty was not made knowingly, voluntarily, and intelligently is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise this issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Pelligrino, 60 NY2d 636, 637; People v Ellis, 142 AD3d 509, 510). Moreover, contrary to the defendant's contention, the narrow exception to the preservation rule does not apply here, as nothing in the defendant's factual recitation cast doubt upon his guilt, negated an essential element of the crime, or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Ellis, 142 AD3d at 510). In any event, the record establishes that the defendant's plea was made knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543; People v [*2]Razzaq, 202 AD3d 998).
A defendant's waiver of the right to appeal does not preclude appellate review of a challenge to restitution where the amount of restitution was not made part of the plea agreement (see People v Vazquez, 173 AD3d 907, 908; People v Isaacs, 71 AD3d 1161, 1161). Accordingly, the defendant's contention regarding restitution is not precluded.
"'Before a defendant may be directed to pay restitution a hearing must be held if either: (1) the defendant objects to the amount of restitution and the record is insufficient to establish the proper amount; or (2) the defendant requests a hearing'" (People v Tippa, 194 AD3d 856, 856-857, quoting People v Morrishill, 127 AD3d 993, 994; see Penal Law § 60.27[2]; People v Denny, 159 AD3d 830, 831).
Here, the defendant objected to the amount of restitution payable to the complainant, and the record was insufficient to establish the value of damages to the complainant's property in the amount of $7,630 (see People v Tippa, 194 AD3d at 857; People v Denny, 159 AD3d at 831; People v Morrishill, 127 AD3d at 994). Accordingly, the defendant was entitled to a hearing, and so much of the judgment as directed the defendant to pay restitution in the sum of $7,630 must be vacated, and the matter remitted to the County Court, Orange County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof (see People v Tippa, 194 AD3d at 857; People v Denny, 159 AD3d at 831; People v Morrishill, 127 AD3d at 994).
"[T]he defendant's contention that he received ineffective assistance of counsel is foreclosed by his waiver of the right to appeal, except to the extent that the alleged ineffective representation may have affected the voluntariness of the defendant's plea of guilty" (People v Diaz, 169 AD3d 1059, 1059). The defendant's contention that his attorney's conduct affected the voluntariness of his plea of guilty is without merit (see id. at 1059).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court