People v Chung (2023 NY Slip Op 00880)

People v Chung

2023 NY Slip Op 00880

Decided on February 15, 2023

Appellate Division, Second Department

Wooten, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-01724
 (Ind. No. 729/19)

[*1]The People of the State of New York, respondent,
v
Donn Chung, appellant.

APPEAL by the defendant from a judgment of the Supreme Court (Helene F. Gugerty, J.), rendered January 27, 2021, and entered in Nassau County, convicting him of burglary in the second degree (two counts), criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, and resisting arrest, upon his plea of guilty, and imposing sentence, including a direction that the defendant pay restitution in the sum of $53,541.85.

John Healy, Uniondale, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn S. Hughes of counsel; James Hunter on the brief), for respondent.

WOOTEN, J.

OPINION & ORDER
Pursuant to Penal Law § 60.27, in sentencing a criminal defendant, the court may require the defendant to pay restitution of the fruits of an offense for which he or she was convicted. Under certain circumstances set forth in the statute, the court must first conduct a hearing to determine the appropriate amount of restitution. However, this Court's case law has not consistently articulated the circumstances which trigger the need for a restitution hearing in accordance with the statute. Thus, we take this opportunity to clarify that a restitution hearing is required when either (1) the defendant requests such a hearing, or (2) the record does not contain sufficient evidence to establish the appropriate amount of restitution.
I. Factual Background
In May 2019, the defendant was charged by indictment with crimes including two counts of burglary in the second degree, criminal possession of stolen property in the third, fourth, and fifth degrees, and resisting arrest. The indictment arose from the defendant's alleged theft of property from various homes in Nassau County over the period December 20, 2018, to February 26, 2019.
On November 1, 2019, the defendant entered a plea of guilty to two counts of burglary in the second degree, criminal possession of stolen property in the third, fourth, and fifth degrees, and resisting arrest, in full satisfaction of the indictment. Prior to the defendant accepting the plea agreement, an assistant district attorney stated that the charges at issue pertained to, inter alia, the theft of property from a home in Greenvale, on December 20, 2018, and the theft of property from a home in Port Washington, on February 8, 2019. According to testimony elicited before the grand jury, Wilhelmine Diez was the owner of property stolen from her home in Greenvale on December 20, 2018, and Peter Scherrer was a resident of the home in Port Washington from which property was stolen on February 8, 2019.
At the plea proceeding, the Supreme Court advised the defendant that in addition to the promised terms of imprisonment and postrelease supervision, his sentence would include a directive to pay restitution. The court noted that the Nassau County Probation Department (hereinafter Probation Department) would be asked to make a determination as to the appropriate amount of restitution.
Thereafter, the Probation Department issued a restitution preliminary fact-finding report (hereinafter the preliminary restitution report) finding that Scherrer sustained losses for stolen property in the sum of $50,095, and Diez sustained losses for stolen property in the sum of $3,446.85. The preliminary restitution report did not contain a description of the stolen property, itemized findings as to the value of individual items of property, or any explanation as to how the total amounts of the losses were evaluated. The preliminary restitution report simply stated that the amounts were verified by: (1) an appraisal by Vardi Stonehouse, Inc.; (2) a repair estimate by "Anderson"; and (3) "Other: Simco Manufacturing Jewelers, Inc., showing cost from Tourneau, Judith Ripka fine jewelry, Ebay, London Jewelers, Amanda Megibow, bloomingdales, Wilhelmine Diez — the Diamond Center London Jewelers, Kent Jewelry, Inc., Value Vision International, Inc."
In October 2020, the defendant moved, pro se, to withdraw his plea of guilty, asserting, inter alia, that he was "misinformed" by his attorney to enter a plea of guilty. On January 27, 2021, the Supreme Court denied the defendant's motion to withdraw his plea of guilty. The court then imposed sentence, including directing the defendant to pay restitution in the exact amounts stated in the preliminary restitution report in the sum of $53,541.85.
II. Analysis
A. Appeal Waiver
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The Supreme Court adequately advised the defendant of the nature of the right to appeal and distinguished it from other rights automatically forfeited as a consequence of pleading guilty (see People v Koch, 168 AD3d 977, 978). Further, the court did not mischaracterize the appeal waiver as encompassing an absolute bar to the taking of a direct appeal and a forfeiture of the attendant rights to counsel and poor person relief (see People v Thomas, 34 NY3d 545).
Nevertheless, the defendant's contention that he was illegally sentenced to pay restitution to individuals who were not so entitled under Penal Law § 60.27 survives his valid waiver of the right to appeal (see generally People v Spencer, 149 AD3d 983). Further, the defendant's contention that the Supreme Court erred in directing him, without a hearing, to pay restitution in the sum of $53,541.85 survives his valid waiver of the right to appeal, as the amount of restitution was not made part of the plea agreement (see People v Jensen, 205 AD3d 926, 927; People v Isaacs, 71 AD3d 1161). In addition, the defendant's challenge to the issuance of an order of protection at sentencing survives his valid waiver of the right to appeal (see People v Tumolo, 203 AD3d 961, 962; People v Hanniford, 174 AD3d 921, 922).
B. Restitution
"Restitution—seeking to ensure that an offender's punishment includes making the victim whole—has been a part of New York's criminal justice system since at least 1910" (People v Tzitzikalakis, 8 NY3d 217, 220). "Restitution is 'the sum necessary to compensate the victim for out-of-pocket losses'" (id. at 220, quoting People v Consalvo, 89 NY2d 140, 144).
On appeal, the defendant raises the following contentions with respect to the Supreme Court's directive that he pay restitution in the sum of $53,541.85: (1) that he was illegally directed to pay restitution for "uncharged crimes"; (2) that the court erred by failing to conduct a restitution hearing and failing to make independent findings with respect to the appropriate amount of restitution and his ability to pay; and (3) that the court erred by failing to disclose the terms of its restitution order to the defendant.
1. Legality of Directive to Pay Restitution
Initially, while the defendant raised no objection at sentencing that he was illegally directed to pay restitution for uncharged crimes, that contention is not subject to the preservation rule (see People v Martinez, 144 AD3d 708, 708).
However, contrary to the defendant's contention, the Supreme Court's directive that he pay restitution did not result in an illegal sentence. Pursuant to Penal Law § 60.27(1), the court "may require restitution . . . as part of the sentence imposed upon a person convicted of an offense." For these purposes, an "offense" is defined to include "the offense for which a defendant was [*2]convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (id. § 60.27[4][a]).
Here, the record reflects that the individuals to whom restitution was directed, Scherrer and Diez, were victims of offenses for which the defendant was convicted. While the names of those individuals were not set forth in the indictment or during the plea allocution, the record of the plea proceeding reflects that the charges to which the defendant entered a plea of guilty included the defendant's possession of property stolen from Diez's home on December 20, 2018, and the defendant's possession of property stolen from Scherrer's home on February 8, 2019. Thus, it was appropriate for the Supreme Court to direct that the defendant pay restitution to Diez and Scherrer (hereinafter together the victims).
2. Necessity for a Restitution Hearing and Independent Findings
Pursuant to Penal Law § 60.27(2), "[w]henever the court requires restitution . . . to be made, the court must make a finding as to the dollar amount of the fruits of the offense" (emphasis added). Based upon this language, "it is manifest that the Legislature's intention was to keep the responsibility for dealing with this . . . feature of sentencing in the hands of our Judges and no one else" (People v Fuller, 57 NY2d 152, 157). Thus, the function of making a finding as to the appropriate amount of restitution cannot be delegated to the Probation Department (see id. at 158). Although it is appropriate for the court to use the Probation Department as a "preliminary fact finder" which submits its "recommendations," "in the end it is for the court, which alone must impose the sentence," to make a determination as to the appropriate amount of restitution (id. at 158-159; see People v Rodriguez, 73 AD3d 815, 817; People v Byrd, 175 AD2d 170).
Penal Law § 60.27(2) further provides that "[i]f the record does not contain sufficient evidence to support [a] finding [as to the dollar amount of the fruits of the offense] or upon request by the defendant, the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law" (emphasis added). "Thus, a hearing must be held if the record does not contain sufficient facts or if the defendant requests a hearing" (People v Ward, 103 AD3d 925, 926 [emphasis added]).
As the Court of Appeals stated in People v Consalvo (89 NY2d 140), Penal Law § 60.27(2) "provides that if the record contains the evidence necessary to support a finding of the victim's loss, usually after a trial in which evidence of pecuniary loss has necessarily been proved, the court may fix the amount of restitution based on that evidence," whereas "[i]f sufficient evidence does not appear in the record to support a finding of the victim's loss, then the court must conduct a hearing to determine the amount," and "[i]n either case, if the defendant requests a hearing, the court must conduct one" (id. at 144). Stated otherwise, a hearing is required either (1) where the defendant requests a hearing, regardless of whether or not the record contains sufficient evidence to support a finding as to the appropriate amount of restitution; or (2) where sufficient evidence does not appear in the record to support a finding as to the appropriate amount of restitution, regardless of whether or not the defendant requested a hearing or objected to the amount of restitution.
Application of this standard for when a restitution hearing is triggered is well-illustrated by People v Lambert (221 AD2d 1015). In that case, the Appellate Division, Fourth Department determined that a hearing was required to determine the appropriate amount of restitution where, although the "defendant neither requested a hearing regarding the amount of restitution nor objected to the amount ordered," there was no basis in the record for the Probation Department's finding regarding a portion of the amount of restitution directed, which was credited by the sentencing court (id. at 1015). By contrast, in People v Kim (91 NY2d 407), the Court of Appeals determined that a restitution hearing was not required—not simply because the defendant did not request a hearing—but also because a "detailed itemization of documented medical costs incurred by the victim" contained in a presentence report, together with the defendant's own "concessions of the accuracy and authenticity of those figures, afforded the court a sufficient evidentiary basis in the record for determining the actual amount of . . . loss without conducting a . . . hearing" (id. at 411).
The statutory requirements for a hearing set forth in Penal Law § 60.27(2) have been accurately recited and applied in various decisions of this Court (see People v Ward, 103 AD3d at 926; People v Harris, 72 AD3d 1110, 1112; People v Charles, 309 AD2d 873, 874; People v Andrea, 141 AD2d 740, 743).
However, starting with this Court's 2015 decision and order in People v Morrishill [*3](127 AD3d 993), some of our cases have indicated that a restitution hearing must only be conducted where (1) the defendant requests a hearing, or (2) "the defendant objects to the amount of restitution and the record is insufficient to establish the proper amount" (id. at 994 [emphasis added]; see e.g. People v Jensen, 205 AD3d 926, 927; People v Tippa, 194 AD3d 856; People v Denny, 159 AD3d 830, 831). Under this alternate standard, a hearing would never be required unless the defendant either requested a hearing or objected to the amount of restitution, even if the record was insufficient to establish the proper amount of restitution.
This alternate standard is not consistent with the clear language of Penal Law § 60.27(2), which provides that a restitution hearing is required where the record does not contain sufficient evidence to support a finding as to the appropriate amount of restitution, without regard to whether the defendant objected to the amount of restitution or requested a hearing, which is an independent basis for requiring a hearing. Moreover, the standard set forth in Morrishill and its progeny conflates preservation with the circumstances necessitating a hearing. We clarify that while a defendant must object to the amount of restitution or request a hearing in order to preserve any such challenge for appellate review (see People v Horne, 97 NY2d 404, 414 n 3; People v Fields, 101 AD3d 1043), Penal Law § 60.27(2) mandates a trial court to conduct a restitution hearing "[i]f the record does not contain sufficient evidence to support [a] finding [as to the amount of restitution]," irrespective of whether the defendant raised an objection to the amount of restitution or requested a hearing on that issue (People v Ward, 103 AD3d at 926 [emphasis omitted]; see People v Consalvo, 89 NY2d at 144).
Here, since the defendant failed to request a restitution hearing and did not object to the amount of restitution as lacking record support, his contention in that regard is unpreserved for appellate review (see People v Fields, 101 AD3d 1043). Nevertheless, we reach that issue in the exercise of our interest of justice jurisdiction.
As the defendant correctly contends, the record was insufficient to establish the value of the losses sustained by the victims (see People v Jensen, 205 AD3d at 927; People v Ward, 103 AD3d at 926). Although it was proper for the Supreme Court to use the Probation Department as a preliminary factfinder with respect to restitution, it was improper for the court to accept the Probation Department's preliminary restitution report as dispositive of the amount of restitution, without any supporting evidence or explanation to establish the amounts set forth in that preliminary restitution report (see People v Rodriguez, 73 AD3d at 817; People v Jackson, 261 AD2d 636, 637-638; People v Byrd, 175 AD2d 170). Since the record did not contain sufficient evidence to support a finding of the victims' losses, the court was required to hold a hearing (see Penal Law § 60.27[2]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.
3. Ability to Pay Restitution
Although the Supreme Court was required to conduct a hearing and make independent findings as to the appropriate amount of restitution, there is no merit to the defendant's contention that the court was also obligated to conduct a hearing and make findings as to the defendant's ability to pay restitution (see People v Malgarinos, 203 AD3d 1074). "Penal Law § 60.27 does not, by its terms, require that a defendant's ability to pay be taken into account when the sentence to be imposed includes, as a significant component, a period of incarceration," as "[s]uch a requirement would [effectively] remove restitution as a viable sentencing option in many instances where serious harm has been inflicted upon the victim and a period of incarceration will be imposed as part of a defendant's sentence" (People v Henry, 64 AD3d 804, 807). Moreover, "in the event that the defendant is unable to pay the restitution as ordered, he may seek resentencing pursuant to CPL 420.10(5)" (People v Malgarinos, 203 AD3d at 1074).
4. Disclosure of Restitution Order
To the extent the defendant argues that "it is unclear from the record if and when [the restitution order] was ever provided to the [defendant]," the defendant's contention is not reviewable on direct appeal, as it is based largely on matter dehors the record (see People v Henriksen, 190 AD3d 765, 766). Further, the Supreme Court, at sentencing, apprised the defendant of the specific amount of restitution which was to be paid. To the extent the defendant suggests that the court was required to read the entire contents of the restitution order on the record at sentencing, the defendant's contention is without merit.
C. Defendant's Remaining Contentions
Contrary to the defendant's contention, the Supreme Court providently exercised its [*4]discretion in summarily denying his motion to withdraw his plea of guilty, which was premised solely on conclusory and unsubstantiated assertions (see People v Casiano, 210 AD3d 692; People v Meyn, 193 AD3d 1080, 1081).
Furthermore, the defendant's challenge to the issuance of an order of protection at sentencing is unpreserved for appellate review (see CPL 470.05[2]; People v Griffin, 168 AD3d 760, 760). In any event, that challenge is without merit. "Upon sentencing on a conviction for any offense, . . . the court may, in addition to any other disposition, . . . enter an order of protection" requiring the defendant to "stay away from the home, school, business or place of employment of the victim or victims" (CPL 530.13[4][a]). Here, the order of protection challenged by the defendant was issued in favor of victims of certain offenses for which the defendant was convicted, and thus, was permissible.
III. Conclusion
As discussed herein, the Supreme Court erred in directing the defendant to pay restitution in the sum of $53,541.85, without first conducting a hearing or making independent findings as to the appropriate amount of restitution. Accordingly, the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the provision thereof directing the defendant to pay restitution in the sum of $53,541.85, and, as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.
IANNACCI, J.P., CHAMBERS and VOUTSINAS, JJ., concur.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the provision thereof directing the defendant to pay restitution in the sum of $53,541.85; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination as to the proper amount of restitution and the manner of payment thereof.
ENTER:
Maria T. Fasulo
Clerk of the Court