People v Flores (2023 NY Slip Op 02536)

People v Flores

2023 NY Slip Op 02536

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-07830

[*1]The People of the State of New York, respondent,
v
Bernardino Flores, appellant. (S.C.I. No. 678/21)

Charles E. Holster III, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Barbara Kornblau of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered September 24, 2021, convicting him of forcible touching, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In May 2021, the defendant pleaded guilty to one count of forcible touching (Penal Law § 130.52[1]) arising out of an incident wherein he placed his hand above the clothing on the vagina and buttocks of an eight-year-old child. The defendant contends, inter alia, that his plea of guilty was involuntary. Although the defendant's contention survives his waiver of the right to appeal (see People v Jensen, 205 AD3d 926, 926; People v Ospina, 175 AD3d 513, 513), it is unpreserved for appellate review as the defendant did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Peque, 22 NY3d 168, 182; People v Lopez, 71 NY2d 662, 665). Moreover, contrary to the defendant's contention, nothing in his allocution cast doubt upon his guilt, negated an essential element of the crime, or called into question the voluntariness of his plea (see People v Jensen, 205 AD3d at 927). Nor did the fact that the defendant informed the court that he possesses only a second grade education require the court to make further inquiry, as there is nothing in the record to show that he lacked the capacity to understand the proceedings against him or that he was unable to assist in his own defense (see People v Narbonne, 131 AD3d 626, 627; People v Appling, 94 AD3d 1135, 1136).
In any event, the record establishes that the defendant's plea was knowing, voluntary, and intelligent (see People v Conceicao, 26 NY3d 375, 383; People v Jensen, 205 AD3d at 927).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court