People v Hightower-Castro (2023 NY Slip Op 04138)

People v Hightower-Castro

2023 NY Slip Op 04138

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-01778
 (Ind. No. 1176/18)

[*1]The People of the State of New York, respondent,
v
Wiseallah Hightower-Castro, appellant.

Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered February 3, 2021, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In March 2020, the defendant entered a plea of guilty to criminal possession of a weapon in the third degree arising from his arrest during a random search of his residence by parole officers from the Department of Corrections and Community Supervision, wherein a gun was found inside of the defendant's bedroom. As part of the plea agreement, the defendant waived his right to appeal.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560; People v Chung, 213 AD3d 107, 111).
With respect to the defendant's challenge to the denial of his motion to suppress physical evidence and his statements to law enforcement officials, "'[t]he defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's suppression determination'" (People v Barnes, 210 AD3d 792, 793, quoting People v Matos, 176 AD3d 976, 976; see People v Kemp, 94 NY2d 831, 833).
Although the defendant's contention regarding the voluntariness of his plea based upon the Supreme Court's failure to advise him of potential deportation consequences survives his waiver of the right to appeal (see People v Peque, 22 NY3d 168, 183), under the circumstances of this case, where nothing in the record contradicts the defendant's statement made under oath at the plea proceeding that he is a citizen of the United States or the information contained within the Department of Probation Presentence Investigation Report indicating that the defendant is a United States citizen, we reject the defendant's contention (see People v Brooks, 187 AD3d 931, 932; People v Rolling, 186 AD3d 1264, 1265).
The defendant's challenge to the legality of his sentence also survives his valid waiver of the right to appeal (see People v Chung, 213 AD3d at 111; People v Spencer, 149 AD3d 983, 983), but it is without merit. The only remedy available to the defendant with respect to his contention, in effect, that the time during which he was incarcerated on his parole violation should have been credited against the sentence imposed on this conviction would be a credit of time served against the term of the underlying interrupted sentence, not the sentence which is the subject of this appeal (see Penal Law § 70.30[3]; Matter of Jeffrey v Ward, 44 NY2d 812, 813-814; Matter of Tubens v New York City Dept. of Correction, 143 AD2d 589, 590).
The defendant's remaining contention is precluded by his valid appeal waiver (see People v Price, 150 AD3d 1153, 1154; People v Abdul, 112 AD3d 644, 645; People v Andre L., 18 AD3d 575, 576).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court