People v Vidal (2024 NY Slip Op 06614)

People v Vidal

2024 NY Slip Op 06614

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-10131
 (Ind. No. 1887/18)

[*1]The People of the State of New York, respondent,
v
Carlos Vidal, appellant.

Twyla Carter, New York, NY (Isabel Patkowski of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Christopher Moore of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michelle A. Johnson, J.), rendered September 26, 2022, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arrested after a police officer observed a gun inside of the defendant's parked car. The defendant was charged with, inter alia, criminal possession of a weapon in the second degree. After those branches of his omnibus motion which were to suppress the gun and certain statements he made to law enforcement officials at the time of his arrest were denied, he entered into a plea agreement, pursuant to which he waived his right to appeal.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560; People v Hightower-Castro, 219 AD3d 504, 505).
With respect to the defendant's challenge to the denial of those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials, his "valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's suppression determination" (People v Hightower-Castro, 219 AD3d at 505; see People v Barnes, 210 AD3d 792, 793).
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court