People v Spann (2025 NY Slip Op 02224)

People v Spann

2025 NY Slip Op 02224

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-00430
 (Ind. No. 73753/21)

[*1]The People of the State of New York, respondent,
v
Derrick Spann, appellant.

Patricia Pazner, New York, NY (Chelsea F. Lopez and Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heidi C. Cesare, J.), rendered January 6, 2023, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's denial of his motion to suppress physical evidence (see People v Hightower-Castro, 219 AD3d 504, 505; People v Camacho, 179 AD3d 831, 831-832; People v Kornegay, 60 AD3d 696, 696). The defendant's valid waiver of his right to appeal also precludes appellate review of his contentions that his conviction pursuant to Penal Law § 265.03(3) is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) (see People v White, 234 AD3d 884; People v Johnson, 225 AD3d 453, 453-455; People v Fisher, 121 AD3d 1013, 1013) and that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255; People v Lawrence, 184 AD3d 587, 587).
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court